J. L. REINSCHMIDT, *et al.,* individually and as former co-partners doing business under the firm name of Pensacola Cooperage Company, v. LOUISVILLE & NASHVILLE RAILROAD COMPANY.

169 So. 491.
Division B.
Opinion Filed July 16, 1936.

*Coe & McLane,* for Plaintiffs in Error;
*Carter & Yonge,* for Defendant in Error.

PER CURIAM.—For a full statement ·of the facts from which this litigation arises see: Rheinschmidt v. Louisville & Nashville R. R. Co., 112 Fla. 267, 150 So. 266, and Rheinschmidt v. Louisville & Nashville R. R. Co., 118 Fla. 237, 160 So. 69. Other questions were also settled in these cases, but it is not necessary to restate them here.

The action was originally brought to recover an undercharge for freight on "stave bolts and heading" from which barrels are manufactured. Defendant in error contends that the plaintiff in error paid only a portion of the freight charges legally due on the tariffs prescribed by the Railroad Commission for transporting such commodities. The Court granted a motion for an instructed verdict in favor of the plaintiff for $311.85 with interest from date of institution of the suit. A motion for a new trial was denied and the present writ of error was prosecuted to that judgment.

The question presented for solution is one of the application of rates for transporting the commodity in question. It is shown that the Railroad Commission has prescribed a

rate known as "Class P" applicable to "logs" except cedar logs. It has also prescribed another rate applicable to "wood for fuel" which is one-tenth of Class P rate. We are importuned to answer the question, whether "stave bolts and headings" from which barrels are manufactured should have been transported and the charge therefor paid at the "log" rate or the "wood for fuel" rate. In directing a verdict for the plaintiff the trial court held that the "log" rate applied.

Plaintiff in error contends that from the facts in this case it is not clear whether "stave bolts and heading" should have been freighted at the Class P, "log" rate, or the "wood for fuel" rate, that they were billed and shipped for years at the "wood for fuel" rate, and that in view of the doubt thus prevailing as to their classification the court invaded the province of the jury in resolving that question in favor of the "log" rate.

This question is resolved contrary to the contention of plaintiff in error in Rheinschmidt v. Louisville & Nashville R. R. Co., *supra,* wherein we held that "Class P" or "log" rate as promulgated by the Railroad Commission was applicable to all shipments of short pieces of wood or logs, including those described as "stave bolts and headings." We further held that the determination of this question was one of law for the court to decide.

In this view of the case the interpretation given to "Class P" or "log" rate in the last entitled cause concludes the question raised, so it follows that the judgment below must be and is hereby affirmed.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.